UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LULA MCLAUGHLIN,

    Plaintiff,

v.

Civil Case No. 13-15214
Honorable Linda V. Parker

THE KROGER CO. MICHIGAN
DIVISION, CHRIS BUFFY, and
UFCW 876 (UNITED FOOD &
COMMERCIAL WORKERS)

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

On December 2, 2013, Plaintiff Lula McLaughlin ("Plaintiff") initiated this action against Defendants in the Circuit Court for Wayne County, Michigan. In her five-count Complaint, Plaintiff asserts the following claims: (I) breach of contract and wrongful discharge; (II) sex discrimination in violation of Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"); (III) race discrimination in violation of ELCRA; (IV) intentional infliction of emotional distress; and (V) estoppel. Defendants removed Plaintiff's Complaint to federal court pursuant to 28 U.S.C. §§ 1331 and 1441 on December 23, 2013, contending that Plaintiff's claims are preempted by § 301 of the Labor Management Relations Act (or "LMRA"). The

matter initially was assigned to the Honorable Stephen J. Murphy.

Plaintiff filed a motion to remand her Complaint to state court on January 3, 2014, arguing that her state law claims are not preempted by federal law. (ECF No. 7.) Defendants The Kroger Company Michigan Division ("Kroger") and Chris Buffy ("Buffy") filed a response to the motion on January 17, 2014 (ECF No. 8); and on the same date, Defendant UFCW 876 ("Union") filed a response brief. (ECF No. 9.) On May 28, 2014, the lawsuit was reassigned to the undersigned pursuant to Administrative Order 14-AO-030. Plaintiff's motion remained pending at the time of the reassignment. For the reasons that follow, the Court now denies Plaintiff's motion.

## Factual Allegations

Plaintiff's lawsuit arises from her May 27, 2013 termination as a Kroger employee based on the "no call-no show" rule set forth in the Kroger Employee Handbook. (Compl. ¶ 15.) The Union represented bargaining unit employees at Kroger and Plaintiff was a member of the Union. (*Id.* ¶¶ 6, 8.)

Plaintiff alleges that she was terminated because of her race (African American) and sex (female). (*Id.* ¶¶ 98-107, 110-117.) She also alleges that her manager, Buffy, and the Union failed to properly follow the grievance procedures of the collective bargaining agreement ("CBA") between Kroger and the Union

with respect to her termination and the grievance that followed. (*See, e.g., id*. ¶¶ 29-33, 42, 44-48.) According to Plaintiff, she was denied "fair representation" by the Union in her challenge to Kroger's wrongful discharge of her employment. (*Id*. ¶ 51.)

## Discussion

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendants removed Plaintiff's Complaint to federal court asserting original jurisdiction under 28 U.S.C. § 1331. Pursuant to § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether federal-question jurisdiction exists, courts look to the plaintiff's complaint:

> "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint . . . The rule makes the plaintiff the master of the claim; he or she may avoid the federal jurisdiction by exclusive reliance on state law."

*Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir. 1989) (en banc) (quoting *Caterpillar, Inc.*, 482 U.S. at 392). Complete preemption, however, is an

exception to the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 393.

A federal statute completely preempts a state law cause of action when that cause of action, "even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Although only a few statutes have complete preemptive force, § 301 of the LMRA is one such statute. *Banks v. Alexander*, 294 F. App'x 221, 224 (2008). It is well established that a state law claim arising from a breach of a collective bargaining agreement is preempted by § 301 and may be removed to federal court regardless of whether the plaintiff actually alleges federal claims on the face of his or her complaint. *Caterpillar*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). "While the classic § 301 preemption case arises from a state-law breach of contract claim, 'the pre-emptive force of § 301 extends beyond state-law contract actions' to some state-law tort actions by an employee against his union or employer." *Id.* (quoting *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 369 (1990)). Section 301, however, does not govern (and therefore preempt) claims based on individual employment contracts, even if the plaintiff's employment also is government by a CBA. *Madsen v. Am. Fed'n of Musicians of the U.S. & Can.*, No. 5:13-CV-2519, 2014 WL 1333199, at *4 (N.D. Ohio Apr. 1, 2014).

A court's determination of whether a state law claim is preempted by the

LMRA focuses on whether the state law "confers nonnegotiable state-law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the . . . claim is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). As the Supreme Court subsequently explained, a state law claim is not preempted by the LMRA if "resolution of the state-law claim does not require construing the collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988). The Sixth Circuit has developed a two-prong test to determine whether a state law claim is preempted by § 301:

> First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. . . . Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right both is borne of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted.

*DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994) (internal citations omitted). Application of this test leads the Court to conclude that, at the least, Plaintiff's breach of contract claim (Count I) is preempted by § 301.

With respect to that claim, Plaintiff alleges that she was wrongfully terminated and that the Union "refused to take her case to arbitration as provided in

5

the collective bargaining agreement" and "breach[ed] its fiduciary duty of faithful representation regarding breaches of the collective bargaining agreement." (Compl. ¶¶ 79, 81, 82.)  Even if interpretation of the CBA is not required to evaluate whether Plaintiff was properly terminated by Kroger, interpretation of the CBA clearly is needed to decide Plaintiff's claim that the Union refused to arbitrate her case in violation of the CBA and in breach of its duty of fair representation.  In fact Plaintiff specifically spells out the procedures in the CBA she claims the Union failed to follow.  (*See, e.g.*, Compl. ¶ 29.)  Further, the right Plaintiff is asserting arises from the CBA.

The Court therefore concludes that Defendants properly removed Plaintiff's Complaint to federal court based on federal-question jurisdiction.

Accordingly,

**IT IS SO ORDERED**, that Plaintiff's Motion for Remand (ECF No. 7) is **DENIED**.

S/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: October 8, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of

record and/or pro se parties on this date, October 8, 2014, by electronic and/or U.S. First Class mail.

                                                S/ Richard Loury
                                                Case Manager